IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT V. ANDERSON, and TRUDY M. ANDERSON,

Plaintiffs,

v.

TRANSMISSION AGENCY OF NORTHERN CALIFORNIA; and the UNITED STATES OF AMERICA; and Does 1-25, Inclusive,

Defendants.

2:08-cv-1785-GEB-KJM

ORDER

Defendant Transmission Agency of Northern California ("TANC") seeks dismissal of the portion of Plaintiffs' eight state claims that allege TANC breached a written easement agreement when Defendants clear-cut trees within the easement, and dismissal of Plaintiffs' claims that incorporate factual allegations not included in Plaintiffs' state administrative claim.

/ / /

In addition, Defendant United States of America ("Western") seeks dismissal of Plaintiffs' claims to the extent the claims are based on the clear-cutting of trees within the easement; specifically, Western moves for partial dismissal of Plaintiffs' third, fifth, sixth and seventh claims, and for dismissal of Plaintiffs' fourth claim.[1] Western also seeks dismissal of Plaintiffs' eighth claim for negligence per se, arguing it is not an actionable claim. (Western Mot. at 9:12-21.) This claim is not a viable claim since "the doctrine of negligence per se is not a separate cause of action, but creates an evidentiary presumption that affects the standard of care in a cause of action for negligence." Millard v. Biosources, Inc., 156 Cal. App. 4th 1338, 1353 (2007). Therefore, Plaintiffs' eighth claim is dismissed as to both Defendants.

Motions to Dismiss Based on Breach of the Easement

Plaintiffs' claims are based on a written easement agreement, entered into on October 29, 1990, between TANC and Plaintiffs' predecessors in interest ("easement"). The easement grants TANC rights to construct and operate transmission lines on Plaintiffs' property. (Compl. ¶ 11.) Plaintiffs allege Defendants violated the easement in December 2005 by clear cutting trees within the easement. (Id. ¶¶ 16-20.) The parties dispute whether the following easement provision provides Defendants the right to clear-cut trees within the easement:

> The right at any time and from time to time to trim and to cut down and clear away or otherwise destroy any and all trees and brush now or

---

[1] On September 17, 2008, the United States of America requested to be substituted as the Defendant in place of Western Area Power Administration (Western). This request is granted; however, Defendant United States of America shall be referred to as Western in this Order.

> hereafter on the Easement area and to trim and to cut down and clear away or otherwise destroy any and all trees and brush on either side of the Easement Area which now or hereafter in the opinion of TANC are or may be a hazard to said transmission facilities, or which may interfere with the exercise of TANC's rights hereunder; provided however that all trees which TANC is hereby authorized to cut and remove, if valuable for timber or wood, shall continue to be the property of Grantor, but all tops, lops, brush and refuse wood shall be burned or removed by TANC." (Easement ¶ 1B.)

Defendants contend ¶ 1B granted TANC two rights: (1) an unfettered right to remove and trim trees on land within the easement and (2) a more limited right to remove and trim trees on land adjacent to the easement. Plaintiffs counter the following conditional language limits Defendants' rights both within and outside the easement: "which now or hereafter in the opinion of TANC are or may be a hazard to said transmission facilities, or which may interfere with the exercise of TANC's rights hereunder."

> As a rule, the language of an instrument must govern its interpretation if the language is clear and explicit. A court must view the language in light of the instrument as a whole and not use a disjointed, single-paragraph, strict construction approach. If possible, the court should give effect to every provision. An interpretation which renders part of the instrument to be surplusage should be avoided.

Ticor Title Ins. Co. v. Rancho Santa Fe Ass'n, 177 Cal. App. 3d 726, 730 (1986) (internal citations omitted). Further, the "last antecedent rule" of contractual interpretation is considered when resolving disputes whether a phrase should be read to modify a preceding term or phrase. This rule provides that "qualifying words, phrases and clauses are to be applied to the words or phrases immediately preceding and are not to be construed as extending to or including others more remote . . ." unless the context or evident

meaning indicates otherwise. White v. County of Sacramento 31 Cal. 3d 676, 680 (1980).

The conditional language in ¶ 1B stating, "which now or hereafter in the opinion of TANC are or may be a hazard to said transmission facilities, or which may interfere with the exercise of TANC's rights hereunder," is immediately preceded by the clause describing Defendants' rights with respect to trees and brush on "either side of the Easement Area." This conditional language does not apply to the clause describing Defendants' rights concerning "trees and brush now or hereafter on the Easement area," since to interpret the conditional language to apply to easement land would render the phrase "to trim and to cut down and clear away or otherwise destroy any and all trees and brush on either side of the Easement area" superfluous.

Since the conditional language only applies to Defendants' rights to trim and remove trees and brush on land outside the easement, each Defendant's motion to dismiss Plaintiffs' claims concerning the alleged breach of the written easement agreement by clear-cutting trees "on the Easement Area" is granted. Therefore, Plaintiffs' fourth claim for trespass, which is based only on Defendants' alleged breach of the easement for having clear-cut trees "on the Easement Area," is dismissed. Plaintiffs' remaining claims are partially dismissed to the extent Plaintiffs allege Defendants breached the written easement agreement by clear-cutting trees "on the Easement Area."

TANC's Motion to Dismiss Based on California Tort Claims Act

Defendant TANC also seeks dismissal of Plaintiffs' claims based on Defendants' failure to remove or burn the tops, lops, brush

and refuse wood left on the property after the clear-cutting. TANC argues these claims should be dismissed since Plaintiffs only sought damages in their administrative claim against TANC for improper tree cutting, and therefore, Plaintiffs failed to exhaust administrative remedies applicable to these claims. (TANC Mot. at 6-7:19-3.) California's "Tort Claims Act [bars] actions alleging matters not included in the claim filed with the public entity." State of California ex rel Dept. Of Transportation v. Superior Court, 159 Cal.App.3d 331, 336 (1984).

> [However, an administrative] claim, [ ] need not specify each particular act or omission later proven to have caused the injury. A complaint's fuller exposition of the factual basis beyond that given in the claim is not fatal, so long as the complaint is not based on an entirely different set of facts. Only where there has been a complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim have courts generally found the complaint barred. Where the complaint merely elaborates or adds further detail to a claim, but is predicated on the same fundamental actions or failures to act by the defendants, courts have generally found the claim fairly reflects the facts pled in the complaint.

Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Authority, 34 Cal. 4th 441, 447 (2004) (internal citations omitted). See also Blair v. Superior Court, 218 Cal. App. 3d 221, 224 (1990). TANC has not shown a "complete shift" between the administrative claim and Complaint. The original claim was based on Plaintiffs' allegations that TANC breached the easement and caused substantial damage to the property and the Complaint adds further detail to this claim. Accordingly, this portion of TANC's motion is denied.

For the reasons stated, Plaintiffs' first, second, third,

fifth, six, and seventh claims are partially dismissed, and Plaintiffs' fourth and eighth claims are dismissed.

Dated: November 21, 2008

GARLAND E. BURRELL, JR.
United States District Judge